**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**JOHN W. SMITH,**

       **Petitioner,**                **CASE NO. 2:10-CV-00195**
                                    **JUDGE MARBLEY**
       **v.**                        **MAGISTRATE JUDGE ABEL**

**MICHAEL SHEETS, WARDEN**

       **Respondent.**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this action for a writ of habeas corpus under 28 U.S.C. §

2254. This matter is before the Magistrate Judge on the Petition, Respondent's Return of Writ,

Petitioner's Traverse, and the exhibits of the parties. For the reasons that follow, the Magistrate

Judge **RECOMMENDS** that this action be **DISMISSED**.

## FACTS and PROCEDURAL HISTORY

The Ohio Fifth District Court of Appeals summarized the facts and procedural history of this

case as follows:

> On or about July 25, 2001, Appellant was arrested for the rape and
> kidnapping of Tonya Kline, a former girlfriend.
>
> Appellant's relationship with the victim ended in June, 2001.
> Subsequently, Ms. Kline called the Mt. Gilead police on at four
> occasions to file reports against appellant for the following:
> Appellant attacked her lawn mower with a baseball bate [sic], cut her
> telephone lines; Appellant left threatening and annoying telephone
> messages on the victim's answering machine; Appellant flattened the
> tires on Ms. Kline's boyfriend's car; Appellant broke into Ms. Kline's
> apartment and slashed her waterbed mattress, killed her son's goldfish
> and stole a number of items including her address book, wallet,
> checkbook, jewelry and clothing. (T. at 284-291).
>
> On July 24, 2001, Appellant called Ms. Kline and told her to meet
> him at the Mount Gilead State Park. (T. at 298-300). Appellant

promised her that he would return her property to her if she met with him and agreed to drop the charges she had filed against him. (T. at 300). Appellant warned Ms. Kline not to involve the police. *Id.*

This telephone conversation was recorded with a device provided to Ms. Kline by the Morrow County Prosecutor's office. (T. at 292-293).

Ms. Kline testified that when she arrived at the park at approximately 7:00 p.m. on July 24, 2001, Appellant threatened her knifepoint [sic] and led into [sic] a wooded area where held [sic] her captive for approximately two hours. (T. at 303-313). Ms Kline testified that Appellant then forced her remove [sic] her clothing, bound her wrists with duct tape and subjected to her [sic] forced vaginal intercourse and fellatio. *Id.* Appellant took several photographs supporting the occurrence of fellatio and as well as other sexual activity. *Id.* Upon releasing Ms. Kline, Appellant threatened to publish the photographs if se [sic] involved the police.

The following day, an investigator from the Morrow County Prosecutor's Office arrived at Ms. Kline's residence to pick up the recording device and found her to be nervous, afraid and upset. (T. at 267). She broke down sobbing. *Id.* Ms. Kline told the investigator about the rape and the kidnapping. (T. at 268). He, in turn, reported the events to the Morrow County Sheriff's Department, which sent a detective to Ms. Kline's residence to speak with her. (T. at 335). He also took photographs of the remnants of the duct tape on her arms and took her to the hospital where a rape kit examination was performed. (T. at 335-337).

Based on the above, Appellant was arrested. (T. at 339). Appellant first denied seeing Kline or being in the park on the night in question. (T. at 361) He then changed his story and admitted to meeting Ms. Kline in the park but maintained that the sexual conduct was consensual. (T. at 363). Appellant again changed his story, stating that Ms. Kline did not want to perform oral sex on him but that once he forced her she consented. (T. at 362). The story changed once again to Ms. Kline wanting initially to perform oral sex but then stopping, which caused Appellant to force her to engage in vaginal intercourse with him. (T. at 362-363). After three or four minutes, he stated, he no longer had to force her because she "got into it". *Id.*

The police took Appellant to the park where he led them to the scene of the foregoing events. (T. at 341). The officer's found a piece of duct tape at the scene. T. at 342). Appellant also gave the police the

photographs and the vibrator used in the incident. (T. at 347).

On October 18, 2001, the Morrow County Grand Jury indicted Appellant on charges of Rape and Kidnapping. Each charge included a sexually violent predator specification. The kidnapping charge carried a sexual motivation specification. The charges also initially contained repeat violent offender specifications but these were subsequently dismissed.

On October 29, 2001, a two-day jury trial commenced on the charges which resulted in findings of guilty on each count contained in the indictment.

On November 29, 2009, the specifications were tried to the court.

The trial court found appellant guilty of all of the specifications contained in the indictment. The trial court then sentenced Appellant to concurrent indefinite sentences of seven years to life. Appellant was also found to be a sexual predator by operation of law.

*State v. Smith*, 2003 WL 21489929, at *1-2 (Ohio App. 5th Dist. June 19, 2003).  Petitioner filed a

timely appeal, in which he raised the following assignments of error:

I. THE TRIAL COURT ERRED WHEN IT CONVICTED JOHN SMITH OF A SEXUALLY VIOLENT PREDATOR SPECIFICATION IN THE ABSENCE OF SUFFICIENT EVIDENCE TO SUPPORT A CONVICTION.

II. THE DEFENDANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN TRIAL COUNSEL FAILED TO MOVE FOR DISMISSAL OF THE SEXUALLY VIOLENT PREDATOR SPECIFICATIONS BASED UPON THE DEFENDANT'S STATUTORY INELIGIBILITY FOR SEXUALLY VIOLENT PREDATOR STATUS.

III. THE TRAIL COURT ERRED IN PERMITTING EVIDENCE OF PREJUDICIAL "OTHER ACTS" THEREBY DENYING APPELLANT SMITH HIS RIGHTS TO DUE PROCESS OF LAW AND TO A FAIR TRIAL AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION.

3

*See id.* at \*2.  On June 19, 2003, the appellate court sustained Petitioner's first assignment of error, rendering his second assignment of error moot, denied his third assignment of error, and remanded the case to the trial court for re-sentencing.  *Id.*  The State filed appealed to the Ohio Supreme Court. *Exhibits 13-15 to Return of Writ*.  On December 8, 2004, the Ohio Supreme Court affirmed the judgment of the Court of Appeals and remanded the case to the trial court for re-sentencing.  *State v. Smith,* 104 Ohio St.3d 106 (2004).

> A resentencing hearing was held before the trial court on April 15, 2005. Pursuant to a Judgment Entry filed on April 28, 2005, the trial court sentenced appellant to ten (10) years in prison for rape and to nine (9) years in prison for kidnapping. The trial court, in its entry, ordered that the two sentences be served consecutively, for an aggregate prison sentence of nineteen (19) years. The trial court, in its entry, further found that rape and kidnapping are not allied offenses of similar import.

*State v. Smith*, 2006 WL 2847421, at \*2 (Ohio App. 5th Dist. Oct. 4, 2006).  Petitioner timely appealed, raising the following assignments of error:

> I: THE TRIAL COURT ERRED BY IMPOSING MULTIPLE CONSECUTIVE SENTENCES FOR ALLIED OFFENSES OF SIMILAR IMPORT.
>
> II: THE TRIAL COURT ERRED WHEN IT IMPOSED MAXIMUM, CONSECUTIVE SENTENCES. FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS, UNITED STATES CONSTITUTION; ARTICLE I, SECTIONS 10 AND 16, OHIO CONSTITUTION.
>
> III: THE TRIAL COURT ERRED BY SENTENCING JOHN SMITH TO A MAXIMUM, CONSECUTIVE PRISON TERMS BASED ON FACTS NOT FOUND BY THE JURY OR ADMITTED BY SMITH, IN CONTRAVENTION OF HIS RIGHTS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION. *BLAKELY V. WASHINGTON* (2004), 542 U .S. 296, 124 S.CT. 2531, 159 L.ED.2D.

4

*See id.* at *2.  On October 4, 2006, the appellate court overruled Petitioner's first assignment of error, sustained his third assignment of error, rendering his second assignment of error moot, and remanded the case to the trial court for re-sentencing.  *Id.*  Petitioner did not file an appeal.

> On April 27, 2007, the trial court again resentenced Appellant. The trial reimposed the same sentence it had imposed in 2005. The trial court sentenced Appellant to ten years on the raped conviction and nine years on the kidnapping conviction to be served consecutively for an aggregate sentence of 19 years. The sentencing entry was on filed May 16, 2007.

*State v. Smith*, 2008 WL 2572657, at *1 (Ohio App. 5th Dist. June 9, 2008).  Petitioner again appealed, raising the following assignments of error:

> I. THE TRIAL COURT ERRED WHEN IT SENTENCED APPELLANT TO SERVE NONMINIMUM, CONSECUTIVE PRISON TERMS.
>
> II. THE TRIAL COURT ERRED WHEN IT IMPOSED MAXIMUM, CONSECUTIVE SENTENCES.
>
> III. THE TRIAL COURT ERRED BY IMPOSING A HARSHER SENTENCE UPON APPELLANT IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FIFTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION.

*See id.* at *2.  On June 9, 2008, the appellate court affirmed the judgment of the trial court.  *Id.*  On December 3, 2008, the Ohio Supreme Court dismissed Petitioner's subsequent appeal.  *State v. Smith,* 120 Ohio St.3d 1418 (2008).

On May 3, 2010, represented by the Ohio Public Defender, Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He alleges that he is in the custody of the Respondent in violation of the Constitution of the United States based upon the following grounds:

1. Mr. Smith's right to due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, was violated when he was subjected to a harsher sentence upon resentencing, after a successful appeal.

2. Retroactive application of the severance remedy that the Ohio Supreme Court set forth in *State v. Foster*, 109 Ohio St.3d 1 (2006), violates ex post facto principles and the Due Process Clause of the United States Constitution.

Petitioner has withdrawn his second claim for relief.  *See Traverse*, at 7.  It is the position of the

Respondent that Petitioner's remaining claim is without merit.

## CLAIM ONE

In claim one, Petitioner asserts that the trial court unconstitutionally increased his sentence

in violation of *North Carolina v. Pearce*, 395 U.S. 711 (1969), in re-sentencing him after his

successful appeal.  The Ohio Court of Appeals rejected this clam as follows:

Appellant contends that the new sentence resulted in a harsher sentence and thus is presumptively vindictive and in violation of his due process rights. We disagree.

As an initial matter, we are not convinced by Appellant's argument that his post- *Foster* sentence of 19 years is more severe than his initial sentence of seven years to life. Obviously, under a possible life sentence, Appellant could have remained in prison much longer than 19 years.

However, even assuming 19 years is longer than a life sentence, in the post- *Foster* era of sentencing, the presumption of vindictiveness as set forth in *North Carolina v. Pearce* (1969), 395 U.S. 711, does not apply with equal force because *Foster* cases are based on void sentences rather than sentences found to be in error.

In *North Carolina v. Pearce* (1969), 395 U.S. 711, 89 S.Ct. 2072, the Supreme Court set aside the sentence of a state prisoner who had successfully appealed his conviction but upon remand was given a harsher sentence. The Court stated that a defendant's due process rights were violated when, after a successful appeal, a harsher sentence was imposed as a result of vindictiveness. The Court went

6

on to hold that, if a more severe sentence is imposed following appeal, the reasons for the harsher sentence must appear on the record and must be "based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding." *Id*. at 726, 89 S.Ct. at 2081. Subsequent to the decision in *Pearce,* the Supreme Court decided *Wasman v. United States* (1984), 468 U.S. 559, 104 S.Ct. 3217, 82 L.Ed.2d 424. In *Wasman,* the Court clarified its *Pearce* holding by making it clear that enhanced sentences on remand were not prohibited unless the enhancement was motivated by actual vindictiveness against the defendant as punishment for having exercised his constitutionally guaranteed rights. 468 U.S. at 568, 104 S.Ct. at 3222-23. The Supreme Court further clarified the *Pearce* doctrine in *Alabama v. Smith* (1989), 490 U.S. 794, 109 S.Ct. 2201 explaining that, unless there was a "reasonable likelihood" that the increased sentence was the product of actual vindictiveness, the burden was on the defendant to show actual vindictiveness. *Id* at 799, 109 S.Ct. at 2204-05.

Several Ohio appellate courts have addressed the application of *Pearce* and its progeny to post- *Foster* resentencing cases and have found the propriety of an increased sentence must be done on a case-by-case basis in light of the expressed statement of the Ohio Supreme Court in *Foster* that "[w]hile the defendants may argue for reductions in their sentences, nothing prevents the state from seeking greater penalties ." *Foster,* at ¶ 103. See, *State v. Shaffer,* 11 th Dist.App. No.2006-P-0115, 2007-Ohio-6404 (holding that post- *Foster,* trial court may impose sentence within statutory range and can re-evaluate the record); *State v. Warden,* 6th Dist.App. No. WD-06-041, 2007-Ohio-1046 (additional months of imprisonment reviewed on abuse of discretion standard in accordance with *Foster* ); and *State v. Wagner,* 3rd Dist.App. No. 14-06-30, 2006-Ohio-6855 (reluctance to apply traditional *Pearce* analysis to *Foster* resentencings in which original sentences are void).

In the case sub judice, the trial court imposed the same sentence pre-*Foster* (second sentencing) as it did post- *Foster* (third sentencing), as suggested by the prosecutor, and stated: "I'm looking at the purposes and principles of sentencing. My understanding is what the Supreme Court indicated is they felt that the Court should not have to look at those criteria and when the original sentencing was-the matter for sentencing was originally before the Court, I believe that I had to. * * * But it seems to me that I'm not being inconsistent from this perspective. If I hadn't attempted to do my best to follow what I

> understood the law to be at that time I probably would have sentenced like I did the last time around." April 27, 2007 Sentencing Hearing at 7-8. The trial court further elaborated the Appellant's conduct was "the most egregious thing that someone could do to a female" and this was "the most serious offenses that you can have as a human being living in a civilized society." *Id.* at 9.

> After careful review of the record, we find Appellant has not demonstrated that the sentence was vindictive in nature or that the trial court abused its discretion.

*State v. Smith*, 2008 WL 25272657, at *3.  Under 28 U.S.C. § 2254(e)(1), the state court's factual findings are presumed to be correct:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Additionally, the state court's decision is binding on this Court unless that decision is contrary to or involves an unreasonable application of clearly established federal law as determined by the United States Supreme Court:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor,* 529 U.S. 362, 412-13 (2000). Petitioner has failed to meet this standard here.

Petitioner contends that the trial court unconstitutionally increased his sentence from seven to twelve years incarceration on his rape conviction, after the State Court of Appeals vacated the life sentence imposed pursuant to his adjudication as a violent sexual predator. Petitioner argues that the imposition of the twelve year increase in Petitioner's sentence is presumptively vindictive under *Pearce*, since the trial court failed to offer any explanation for increasing Petitioner's sentence, and failed to familiarize itself with Supreme Court precedent on this issue prior to imposing the new sentence. Petitioner further argues that the state appellate court unreasonably applied clearly established federal law in affirming Petitioner's sentence. *See Traverse*.

"Due process of law. . . requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial." North Carolina v. Pearce, 395 U.S. at 725. "This principle applies to re-sentencing after a sentence is vacated on appeal, as well as to resentencing after retrial." *Haverland v. Warden, Chillicothe Correctional Institution*, 2010 WL 4702312, at *14 (S.D. Ohio Aug. 17, 2010)(citing *United States v. DiFrancesco*, 449 U.S. 117, 135-36 (1980); *United States v. Jackson*, 181 F.3d 740, 744 (6th Cir.1999); *Gauntlett v. Kelley*, 849 F.2d 213, 217 (6th Cir.1988)). In *North Carolina v. Pearce*, 325 U.S. at 726, the Supreme Court held that, in order to assure the absence of such

9

motivation, when a judge imposes a more severe sentence, his or her reasons for doing so must affirmatively appear on the record. *Id.* The Supreme Court subsequently has clarified, however, that this presumption of prejudice does not apply due process "does not apply in every case where a convicted defendant receives a higher sentence" at re-sentencing. *Texas v. McCullough*, 475 U.S. 134, 138 (1986). Due process forbids only enhanced sentences "motivated by actual vindictiveness toward the defendant for having exercised guaranteed rights." *Wasman v .United States*, 468 U.S. 559, 568 (1984). Thus, the Supreme Court has limited the presumption in *Pearce* to circumstances in which there is a "reasonable likelihood". . . "that the increase in sentence is the product of actual vindictiveness on the part of the sentencing authority. Where there is no such reasonable likelihood, the burden" is on the defendant to prove actual vindictiveness. *Alabama v. Smith*, 490 U.S. at 799 (citations omitted). For example, the Supreme Court held there was no reasonable likelihood of vindictiveness, and therefore no presumption of prejudice after imposition of a greater sentence in *Alabama v. Smith*, 490 U.S. at 794 (sentence imposed after a trial greater than that imposed after guilty plea); *Texas v. McCullough*, 475 U.S. at 140 (sentence imposed by judge greater than that imposed by jury); *Chaffin v. Stynchcombe*, 412 U.S. 17 (1973) (greater sentence imposed by a different jury); *Colten v. Kentucky*, 407 U.S. 104 (1972) (greater sentence imposed by a different court).

Here, the trial court initially imposed an aggregate term of seven years to life incarceration. After the state appellate court overruled Petitioner's adjudication as a sexual predator, and after Petitioner's sentence was remanded for re-sentencing under *State v. Foster*, 109 Ohio St.3d 1 (2006)(excising unconstitutional fact-finding provisions of Ohio's sentencing statutes), the trial court imposed ten years on Petitioner's rape conviction and nine years on the kidnapping conviction,

10

for an aggregate term of nineteen years.

The United States District Court for the Southern District of Ohio, Western Division, has concluded that the *Pearce* presumption does not apply where, as here, a trial court imposes a greater sentence pursuant to a remand after *Foster. Haverland v. Warden*, 2010 WL 4702312. Further, the United States Court of Appeals for the Sixth Circuit has concluded that the *Pearce* presumption of vindictiveness does not apply where, as here, the total sentence imposed is actually shorter than Petitioner's initial sentence. *United States v. Rodgers*, 278 F.3d 599, 604 (6th Cir. 2002)(citations omitted).

The undersigned Magistrate Judge likewise concludes that Petitioner has failed to establish that the state appellate court's decision rejecting his claim is unreasonable so as to warrant federal habeas corpus relief. 28 U.S.C. § 2254(d), (e).

**WHEREUPON** the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.

## PROCEDURE ON OBJECTIONS

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation*

11

will result in a waiver of the right to have the district judge review the *Report and Recommendation* de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

s/Mark R. Abel
United States Magistrate Judge

12