IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| John W. Smith, | : | |
| Petitioner | : | Civil Action 2:10-cv-00195 |
| v. | : | Judge Marbley |
| Michael Sheets, Warden | : | Magistrate Judge Abel |
| Respondent | : | |

## Order Adopting Report and Recommendation

Petitioner John W. Smith, a State prisoner, brings this action under 28 U.S.C. §2254 alleging that he is in custody in violation of the Constitution of the United States because he received a greater sentence after his original sentence was vacated on appeal.  Magistrate Judge Abel's June 8, 2011 Report and Recommendation (doc. 12) recommend that the petition be denied. This matter is before the Court on petitioner's June 22, 2011 objections to the Report and Recommendation (doc. 13).

At trial, a jury found Smith guilty of kidnaping and rape. The facts underlying the conviction are set out at pages 1-3 of the Report and Recommendation. Doc. 12, PAGEID ## 946-48. The trial judge found that he was a sexual predator and sentenced Smith to concurrent terms of seven years to life in prison. On appeal, the Supreme Court of Ohio reversed the finding that Smith was a sexual predator and remanded for re-sentencing. The trial court then sentenced Smith to nine years in prison for  the

kidnaping and ten years on the rape conviction, for an aggregate sentence of nineteen years.

Petitioner argues that on appeal he successfully demonstrated that the life portion of his original sentence violated state law. When he was re-sentenced, the trial court unlawfully punished him for that victory. Now his earliest release date has been increased by 12 years.

The Report and Recommendation rejected that claim with the following reasoning:

> Here, the trial court initially imposed an aggregate term of seven years to life incarceration.  After the state appellate court overruled Petitioner's adjudication as a sexual predator, and after Petitioner's sentence was remanded for re-sentencing under *State v. Foster*, 109 Ohio St.3d 1 (2006)(excising unconstitutional fact-finding provisions of Ohio's sentencing statutes), the trial court imposed ten years on Petitioner's rape conviction and nine years on the kidnaping conviction, for an aggregate term of nineteen years.
> The United States District Court for the Southern District of Ohio, Western Division, has concluded that the *Pearce* presumption does not apply where, as here, a trial court imposes a greater sentence pursuant to a remand after  *Foster*.  *Haverland v. Warden*, 2010 WL 4702312.  Further, the United States Court of Appeals for the Sixth Circuit has concluded that the *Pearce* presumption of vindictiveness does not apply where, as here, the total sentence imposed is actually shorter than Petitioner's initial sentence.  *United States v. Rodgers*, 278 F.3d 599, 604 (6th Cir. 2002)(citations omitted).

June 8, 2011 Report and Recommendation, pp. 10-11, Doc. 12, PAGEID ## 955-56.

Upon *de novo* review as required by 28 U.S.C. §636(b)(1)(B), the Court ADOPTS the Report and Recommendation.

The petition for writ of habeas corpus is DENIED. This action is hereby DISMISSED. The Clerk of Court is DIRECTED to enter JUDGMENT for respondent.

        s/Algenon L. Marbley
        Algenon L. Marbley, Judge
        United States District Court